BORDEN, INC., Gooch Foods, Inc. and Hershey Foods Corp. (pasta business now owned by New World Pasta, LLC), Plaintiffs–Appellees,

v.

UNITED STATES and Department of Commerce, Defendants–Appellants,

and

Delverde, SrL and Delverde USA, Inc., Defendants–Appellants.

No. 99–1575, 99–1576.

United States Court of Appeals, Federal Circuit.

March 12, 2001.

Before LINN, Circuit Judge, SMITH[1], and PLAGER,[2] Senior Circuit Judges.

LINN, Circuit Judge.

This is a trade case involving the Department of Commerce's ("Commerce") methodology used to conduct the level of trade ("LOT") comparison between the constructed export price ("CEP") and the normal value under 19 U.S.C. § 1677b(a)(7)(A) (1999). In *Borden, Inc. v. United States*, 4 F.Supp.2d 1221 (C.I.T. 1998) ("*Borden I* "), the Court of International Trade held that the statutory provision for LOT adjustments clearly provides that selling expenses set forth in 19 U.S.C. § 1677a(d) (1999) should not be deducted from CEP before making the LOT comparison. 4 F.Supp.2d at 1241.

Defendants–Appellants Delverde, SrL and Delverde USA, Inc. ("Delverde") appeal from the final judgment of the Court of International Trade in *Borden, Inc., v. United States*, No. 96–08–01970, 1999 WL 397968 (C.I.T.1999) ("*Borden II* ") sustaining the "Redetermination on Remand, Final Determination of Sales At Less Than Fair Value, Certain Pasta from Italy" issued by the International Trade Administration of Commerce in response to the Court of International Trade's decision in

---

1. Senior Circuit Judge Smith heard oral argument, but due to illness, did not participate in the decision.

2. Judge Plager assumed senior status on November 30, 2000.

*Borden I.* In particular, Delverde contends that the statute requires that the expenses set forth in 19 U.S.C. § 1677a(d) should be deducted from CEP before making the LOT comparison. The Defendants–Appellants United States and Commerce ("United States") appeal the court's statutory interpretation contending that because Congress has not directly spoken to the precise question at issue, their interpretation of the statute was owed deference as long as it was reasonable.

The issue concerning the LOT analysis was before the Court of International Trade in *Micron Technology, Inc. v. United States,* 40 F.Supp.2d 481 (C.I.T.1999). The court relied on its decision and reasoning in *Borden I* and again held that the statutory provision for LOT adjustments clearly provides that selling expenses set forth in 19 U.S.C. § 1677a(d) should not be deducted from CEP before making the LOT comparison. In our recent decision in *Micron Technology, Inc. v. United States,* 243 F.3d 1301 (Fed.Cir.2001), we reversed the Court of International Trade on this issue, holding that the plain text of the statute requires Commerce to deduct the expenses set forth in 19 U.S.C. § 1677a(d) from the starting price of CEP sales before making the LOT comparison under 19 U.S.C. § 1677b(a)(7)(A). Slip op. at 2, and 26–31. Our holding in *Micron* controls this case and we, therefore, *reverse* the decision of the Court of International Trade.